IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MAZZELLA,<br>Plaintiff | : | No. 3:13cv1516 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| LEE MARZEN<br>in his individual capacity,<br>Defendant | : | |

## MEMORANDUM

Before the court for disposition is defendant's motion to dismiss plaintiff's civil rights complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This matter if fully briefed and ripe for disposition.

**Background**

On June 10, 2011, Plaintiff Christopher Mazzella (hereinafter "plaintiff") attended the graduation ceremony of his younger brother at the Jim Thorpe High School in Jim Thorpe, Pennsylvania. (Id. ¶ 5). At the ceremony, plaintiff celebrated and made congratulatory noise when his brother's name was announced. (Id. ¶ 6). After observing plaintiff celebrating and making congratulatory noise, Defendant Police Officer Lee Marzen (hereinafter "defendant") of the Jim Thorpe Police Department approached plaintiff without a warrant or probable cause and escorted him out of the building. (Id. ¶ 7). Plaintiff claims that the defendant physically assaulted him while escorting him out of the building. (Id. ¶ 8). Subsequent to escorting the plaintiff outside, the defendant detained and formally arrested plaintiff for the crimes of resisting arrest and persistent disorderly conduct. (Id. ¶¶ 8-9). Plaintiff was then taken

to a preliminary arraignment before a District Magistrate, and he was eventually committed to the Carbon County jail. He was detained at the jail for several hours prior to posting bail. (Id. ¶ 10).

The following day, plaintiff allegedly received medical care as a result of injuries inflicted by defendant during the course of the detainment and arrest. (Id. ¶ 11). Plaintiff expended in excess of $8,000.00 to retain counsel to defend him against the charges. (Id. ¶ 13). After a trial by jury, plaintiff was acquitted of all charges. (Id. ¶ 12).

After plaintiff's acquittal, defendant entered a rental property which he knew was owned by plaintiff or plaintiff's family and occupied by an individual who testified on plaintiff's behalf at trial. (Id. ¶ 15). While inside the house, defendant kicked in a door and rifled through various dressers and other containers, allegedly damaging property belonging to plaintiff or his family. (Id.)

Based upon these facts, plaintiff filed the instant four-count complaint. In Count I, plaintiff asserts that defendant violated his Fourth Amendment rights to be free from unreasonable and unlawful seizures and free from the use of excessive force under color of state law. He brings suit pursuant to 42 U.S.C. § 1983 (hereinafter "Section 1983") for these alleged civil rights violations. Additionally, plaintiff alleges several state law claims: Count II, assault and battery; Count III, false arrest and false imprisonment; and Count IV, harassment and intentional destruction of property. Defendant filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal

2

Rules of Civil Procedure, bringing the case to its present posture.

**Jurisdiction**

Plaintiff asserts civil rights claims under 42 U.S.C. § 1983. The court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Legal Standard**

Defendant brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint are tested. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

Defendant argues that plaintiff's four-count complaint should be dismissed because it fails to state a claim for which relief can be granted. Specifically, defendant contends plaintiff failed to comply with the notice provisions of the Pennsylvania Political Subdivision Tort Claims Act (hereinafter "PSTCA") prior to initiating suit against defendant and such failure precludes the instant action. Alternatively, defendant asserts plaintiff's state law claims contained within Counts II, III, and IV should be dismissed because he is shielded from liability by the official immunity doctrine pursuant to 42 PA. CONS. STAT. § 8546. We will address these issues *in seriatim*.

**A. Notice Requirement**

The PSTCA includes a requirement that potential plaintiffs provide notice to the government unit of their plans to sue within six months of the

date of injury. 42 PA. CONST. STAT. ANN. § 5522 (hereinafter "Section 5522"). Defendant first argues that plaintiff's claims should be dismissed because plaintiff failed to comply with the notice requirement. Plaintiff argues that he was not required to comply with the notice provisions because the requirement does not apply to section 1983 claims and the defendant had actual or constructive notice of the incident which gave rise to plaintiff's state law claims. After careful review, the court agrees with the plaintiff.

### 1. Section 1983 Claim

In Count I, plaintiff asserts defendant infringed upon his constitutional rights to be free from unreasonable seizures and the use of excessive force under color of state law in violation of Section 1983. Defendant argues that this claim should be dismissed because plaintiff did not provide the notice required under Section 5522. Section 5522's notice requirement, however, does not apply to Section 1983 claims. See Hurt v. Phila. Hous. Auth., 806 F. Supp. 515, 529 (E.D. Pa.1992); In re City of Phila.,705 F. Supp. 1097, 1102 (E.D. Pa. 1989) (holding that plaintiffs' failure to comply with Pennsylvania's notice-of-claim provision does not bar plaintiffs' federal claims). See also Felder v. Casey, 487 U.S. 131 (1988) (examining similar Wisconsin statute). Therefore, defendant's motion to dismiss Count I of the complaint will be denied.

### 2. State Law Claims (Counts II, III, IV)

Defendant next argues that plaintiff's state law claims in Counts II, III and IV should be dismissed on the ground that they are barred by plaintiff's

5

noncompliance with PSTCA's notice-of-claim provision.

An exception to the notice requirement applies where "the government unit had actual or constructive notice of the incident or condition giving rise to the claim of a person." 42 PA. CONS. STAT. ANN. § 5522(a)(3)(iii) (hereinafter "subsection (a)(3)(iii)").[1] Here, plaintiff concedes that notice was not provided based on this exception to the notice requirement. He asserts that defendant had actual or constructive notice due to defendant's direct involvement in plaintiff's detainment, arrest, preliminary hearing and jury trial.

District Courts have held that a government unit may not stand on a mere technicality and complain of lack of formal written notice of a claim when said unit had actual or constructive notice of the facts giving rise to the claim. In re City of Phila., 705 F. Supp. 1097, 1101 (E.D. Pa.1989); Tribe v. Borough of Sayre, 562 F. Supp. 419, 421 (W.D.N.Y. 1983).

In Tribe, plaintiff's car was allegedly struck by a vehicle that was being pursued at a high rate of speed by a Sayre, Pennsylvania police car. There, the court held that dismissal of suit against the Borough of Sayre was not required under the PSTCA for failure of plaintiff to give notice, where it appeared the government unit must have had actual or constructive notice of

---

[1] This exception does not apply if the defendant is the "Commonwealth Government." The definition of Commonwealth Government explicitly excludes "any political subdivision, municipal or other local authority, or any officer or agency of any such political subdivision or local authority." 42 PA. CONS. STAT. ANN. § 102. The defendant is not a "Commonwealth defendant" because he is sued based upon his employment with a municipality. Therefore, this exception may apply.

6

the incident based on the facts that the police department had direct involvement with and knowledge of plaintiff's injuries. Tribe, 562 F. Supp. at 422. The Tribe court reasoned that "[i]t is highly unlikely that a municipality the size of Sayre, Pennsylvania remained unaware for any length of time that a vehicle, whose driver was apparently attempting to avoid capture by Sayre police officers . . . collided with another vehicle thereby injuring [the plaintiff]." Id.

Similarly, in the present matter, when the facts alleged in the complaint are taken as true, it is not only highly unlikely, but impossible for defendant to have been unaware of the incident involving plaintiff that gave rise to the instant claims. Defendant personally detained and arrested plaintiff. Defendant attended and testified at both plaintiff's preliminary hearing and jury trial. Additionally, after plaintiff's acquittal, defendant personally entered a rental property, which he knew was owned by plaintiff or plaintiff's family and proceeded to kick in a door and rifle through plaintiff's personal property, allegedly in retaliation for plaintiff's acquittal. It is these instances, specifically the manner and process of defendant's detainment and arrest of plaintiff as well as defendant's invasion of plaintiff's real and personal property, that gave rise to the instant claims. Moreover, defendant does not dispute that he had both actual and constructive notice of the incidents which gave rise to plaintiff's present claims. As such, the court cannot ignore that defendant clearly had notice of the underlying incidents in this matter. Accordingly, defendant's motion to dismiss plaintiff's state law claims in Counts II, III, and

IV for failure to comply with PSCTA's notice requirement is denied.

## B. Official Immunity

Alternatively, defendant seeks to dismiss all of plaintiff's state law claims, Counts II-IV, on the ground that official immunity under 42 PA. CONST. STAT. ANN. § 8546 precludes liability. Plaintiff counters that official immunity is inapplicable because defendant's actions were carried out with malice and constituted willful misconduct. Additionally, the plaintiff asserts it is improper to raise the official immunity defense in a motion to dismiss because a factual record must be developed pertaining to whether the conduct of defendant did, in fact, amount to actual malice or willful misconduct. Defendant asserts that immunity defenses should be decided at the earliest possible stage in litigation. Thus, the court will first discuss the appropriateness of defendant's immunity claim and, if necessary, discuss the substantive merits of defendant's official immunity defense.

### 1. Immunity Defense Properly Raised in Motion to Dismiss

Prior to addressing the substantive immunity arguments, the court must determine whether the immunity issue is appropriate for resolution on a Rule 12(b)(6) motion to dismiss.

The Supreme Court has repeatedly emphasized the importance of resolving immunity questions at the earliest possible stage in litigation because "[t]he entitlement is an immunity from suit rather than a mere defense to liability." Hunter v. Bryant, 502 U.S. 224, 227 (1991) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). Moreover, it is well established that in a

8

12(b)(6) motion, the court is required to accept as true all of the factual allegations contained in a complaint, but this rule is inapplicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The availability of immunity as a defense is a question of law. Siegert v. Gilley, 500 U.S. 226, 232 (1991). Therefore, we find that it is appropriate to address the immunity issue in the present motion to dismiss.

### 2. Official Immunity Merits Discussion

Defendant argues that the PSTCA provides him with immunity from plaintiff's state law claims. District Courts have held that, under the PSTCA, with limited exceptions, employees enjoy the same broad immunity that their employing agencies enjoy. DeBellis v. Kulp, 166 F. Supp. 2d 255, 279 (E.D. Pa. 2001); Knight v. Simpson, No. 3:CV-08-0495, 2008 WL 1968770 (M.D. Pa. Apr. 3, 2008). The Act states that "[a]n employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency." DeBellis, 166 F. Supp. 2d 255, 279 (E.D. Pa. 2001); 42 PA. CONS. STAT. ANN. § 8545. An employee of a local agency may claim the defense of official immunity by asserting that his or her conduct "was authorized or required by law, or that [the employee] in good faith reasonably believed the conduct was authorized or required by law." Id.; 42 PA. CONS. STAT. ANN. § 8546(2). If the court determines, however, that the employee's actions constituted "a crime, actual fraud, actual malice or willful misconduct," the employee may not invoke the

9

protection of official immunity. Id.; 42 PA. CONS. STAT. ANN. § 8550. In this context, "willful misconduct . . . is synonymous with 'intentional tort.'" Lanci v. Giles, 572 A.2d 827, 830 (Pa. Commw. Ct. 1990) (citing King v. Breach, 540 A.2d 976 (Pa. Commw. Ct. 1988)). Additionally, "the pursuit of unfounded criminal charges against an individual has long been recognized as 'willfull misconduct' within the meaning of section 8550." Thompson v. Wagner, 631 F. Supp. 2d 664, 688 (W.D. Pa. 2008) (citing Overstreet v. Borough of Yeadon, 475 A.2d 803 (Pa. Super. Ct. 1984)).

Here, plaintiff alleges that defendant committed intentional torts when the defendant arrested plaintiff without probable cause and subsequently invaded plaintiff's home by kicking in a door and rifling through plaintiff's personal property in retaliation for plaintiff's acquittal. Viewing plaintiff's allegations as true, immunity may not apply. As such, at the present time, the court will deny defendant's motion on this ground.

**Conclusion**

For the reasons set forth above, defendant's motion to dismiss all of the counts of plaintiffs complaint is denied. An appropriate order follows.

BY THE COURT:

Date: 11/20/13

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**